FILED'06 MAY 03 10:44USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| M.N.O., | ) | |
| Plaintiff, | ) ) | Civil Nos.  03-6393-TC |
| | ) | 04-6017-TC |
| v. | ) | 04-6018-TC |
| | ) | 04-6183-TC |
| ROGER EUGENE MAGANA and | ) | 05-1400-TC |
| CITY OF EUGENE, | ) | 05-6168-TC |
| | ) | |
| Defendants. | ) | OPINION AND ORDER |
| _____ | ) | |
| | ) | |
| J.E.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER EUGENE MAGANA and | ) | |
| CITY OF EUGENE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

1 - OPINION AND ORDER

| | |
|---|---|
| T.L.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROGER EUGENE MAGANA and | ) |
| CITY OF EUGENE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| S.A.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JUAN FRANCISCO LARA and | ) |
| CITY OF EUGENE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| PEGGY JUNE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROGER EUGENE MAGANA and | ) |
| CITY OF EUGENE, | ) |
| | ) |
| Defendants.. | ) |
| _____ | ) |

2 - OPINION AND ORDER

|                                   | ) |
| P.N.,                             | ) |
|                                   | ) |
|      Plaintiff,                   | ) |
|                                   | ) |
| v.                                | ) |
|                                   | ) |
| ROGER EUGENE MAGANA and           | ) |
| CITY OF EUGENE,                   | ) |
|                                   | ) |
|      Defendants.                  | ) |
|                                   | ) |

COFFIN, Magistrate Judge.

Plaintiffs and defendant[1] have moved for reconsideration of this court's earlier Opinion and Order of March 6, 2006. As the court stated from the bench, defendant's motion for reconsideration of the summary judgment analysis in the March opinion is denied. However, for the reasons stated on the bench, and for the following reasons, plaintiffs' motion for reconsideration of the court's ruling on trial consolidation is granted.

In the earlier order, the court ruled that the collective cases regarding the conduct of former Eugene police officers Roger Magana and Juan Lara would be consolidated into two sets for trial: one set of cases in which the conduct complained of was committed by Magana, and one set of cases in which the conduct complained of was committed by Lara. Plaintiffs make the argument that the bulk of the evidence to be presented in each set of cases would be relevant to the other and that the court should order all cases to be consolidated into a single trial.[2] Defendant disagrees and argues

---

[1] Although Roger Magana and Juan Lara remain in some of these cases as a named defendant, counsel for plaintiffs has reiterated that they will be dismissed from the cases prior to trial. Hence, the court will refer to the City of Eugene as defendant in the singular.

[2] The court notes that there are three "Magana" cases ready for trial, one "Lara" case ready for trial, and two "Magana" cases which will not be ready for trial until September at the earliest, for a

3 - OPINION AND ORDER

that evidence relevant to the Magana cases would be inadmissible in the Lara case, and that consolidation of the Lara case with the Magana cases would therefore result in irremediable prejudice to defendant.

The court agrees with plaintiffs that the cases should be consolidated.

As described in greater detail in the March 6 opinion, there were numerous reports made to Eugene police officers about the conduct of Magana, including one report that made it all the way through the internal affairs process and, after an annual IA audit, to the desk of the Chief of Police. In that opinion, the court found that there was sufficient evidence for a jury to conclude "that the Chief of Police knew, or would have known had he properly exercised his responsibilities, of a continuing practice of illegal conduct," and "that the Chief's response, or lack thereof, was deliberately indifferent to the constitutional rights of the women assaulted by Magana and Lara." Opinion and Order at 22; see generally Opinion and Order at 13-24. Nowhere in that opinion did the court conclude or infer that the fact that the bulk of the evidence described related to Magana meant that it would only be used in the Magana trial - indeed, the court consistently referred to the rights of the women assaulted by "Magana and Lara." Id. (emphasis supplied). Similarly, the court did not deny defendant's motion for summary judgment on the question of Monell liability only in the Magana cases, but in all cases in which summary judgment was sought, including the Lara cases. To the extent defendant's response to plaintiffs' motion seeks a revisiting of the court's earlier ruling, that ruling is affirmed.

However, in arguing against plaintiffs' motion, defendant essentially asks the court to make evidentiary rulings that any evidence dealing with Magana is irrelevant to the Lara case and, more

---

total of six cases to be tried.

4 - OPINION AND ORDER

specifically, cannot be used by a Lara plaintiff to demonstrate Monell liability. This request is not well taken.

As the court previously ruled, a jury could find from the evidence presently before the court that the Chief knew, or should have known, about "a continuing practice of illegal conduct," i.e., officers abusing their positions of authority to solicit sexual relationships with women. That Magana was the officer allegedly involved in the lion's share of such conduct does not change the nature of the Chief's actual or constructive knowledge. A jury could fairly and reasonably infer from the Magana evidence alone that the department, through the Chief, was deliberately indifferent not to just the rights of Magana's victims but to the rights of any woman who might be targeted by a Eugene police officer.[3] However, such a jury will not have only evidence of Magana's activities. Plaintiffs intend to show that there were also complaints of Lara's activities which were disregarded, and, importantly, plan to introduce evidence that Magana and Lara acted in concert on at least two occasions. A jury could certainly infer from the collective evidence that the complained of policies, practices or customs[4] leading to Monell liability applied with equal force to officers other than Magana, including Lara.

Finally, on the more specific question of whether evidence of alleged misconduct which was not reported is admissible, I am not inclined to agree with defendant's position that the only evidence admissible to show the existence of a policy is that which took the form of a formal report which

---

[3]This is particularly true in the remaining case related to Lara's conduct, in which all acts complained of occurred after the Chief became aware of at least one of Magana's instances of misconduct, regarding Jessica Dean.

[4]The policies, practices or customs alleged are: (1) failure to adequately supervise; (2) condoning sexual misconduct; and (3) failing to investigate citizen complaints.

5 - OPINION AND ORDER

could have been accessed by a policymaker. Particularly in light of the reports that <u>were</u> made, and the Jessica Dean report that went through IA and up to the Chief's desk during the IA audit, evidence of other incidents that went unreported may, in a given case, be relevant to the jury's consideration.[5] At the very least, the court cannot say, as a blanket rule, that it would be entirely irrelevant. At any rate, I will deal with proposed evidence of this nature on a more specific basis at trial.

## CONCLUSION

Defendant's motion for reconsideration is denied. Plaintiffs' motion for reconsideration is granted to the extent that all the above-captioned cases are ordered consolidated for purposes of trial.

DATED this 3 day of May, 2006.

Thomas M. Coffin
United States Magistrate Judge

---

[5] For example, if plaintiffs proffered evidence that, after reports had started coming in regarding Magana and/or Lara's misconduct, Magana or Lara was known to spend a good deal of on-duty time unaccounted for, and that such time was spent violating women's constitutional rights, a jury might infer from that evidence that there was constructive knowledge of the officer's unconstitutional activities, even in the absence of a formal report.

6 - OPINION AND ORDER